UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENIKO PRAKASH,<br><br>      Plaintiff,<br><br>  v.<br><br>PULSENT CORPORATION EMPLOYEE LONG TERM DISABILITY PLAN,<br><br>      Defendant.<br>_____<br><br>SUN LIFE FINANCIAL and SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>      Real Party in Interest.<br>_____ | Case No. 06-7592 SC<br><br>ORDER DENYING COUNTER-DEFENDANTS' MOTION TO DISMISS THE COUNTERCLAIM |

## I. INTRODUCTION

Plaintiff Eniko Prakash ("Plaintiff") filed a complaint for ERISA benefits on December 12, 2006. Docket No. 1. On February 26, 2007, Real Party in Interest Sun Life Assurance Company dba Sun Life Financial ("Counter-claimant" or "Sun Life") filed an answer to the complaint which asserted counter-claims against Plaintiff for intentional and negligent misrepresentation and concealment, and against Plaintiff and her husband Adityo Prakash for conspiracy to commit fraud. Docket No. 8.

Presently before the Court is a motion by Eniko and Adityo Prakash ("Counter-Defendants" or "Prakashes") to dismiss the counter-claims under Rule 12(b)(6) of the Federal Rules of Civil

1  Procedure for failure to state a claim upon which relief can be
2  granted.  Docket No. 17.  Sun Life opposed the motion and the
3  Prakashs filed a reply.  Docket Nos. 23, 25.
4      For the reasons discussed herein, the Court DENIES Counter-
5  Defendants' Motion to Dismiss.

**II. BACKGROUND**

Adityo and Eniko Prakash co-founded Pulsent Corporation in approximately 1998.  Answer, 5.  Eniko was a participant in the Pulsent Corporation Employee Benefit Plan (the "Plan"), a now-defunct Employee Retirment Income Security Act ("ERISA") plan that provided long-term disability ("LTD") benefits to eligible employees.  Id.  Sun Life funded the benefits under the Plan and made claims determinations as an ERISA fiduciary.  Id.  Eniko received short-term disability benefits under the Plan from June 12, 2002 through September 10, 2002.  Id. at 6.  Eniko then received LTD benefits from September 11, 2002 through March 11, 2005 when Sun Life terminated benefits based on its determination that Eniko was capable of working.  Id.  While investigating Eniko's claim, Sun Life allegedly uncovered evidence that Eniko had been capable of working for much of the time she received benefits.  Id. at 6-9.  Sun Life filed its counter-claim to recover the payments it made to Eniko which it claims are based on fraud, concealment, and misrepresentation.

**III. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to

dismiss can be granted if the plaintiff fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss, the court accepts the facts as stated by the nonmoving party and draws all inferences in its favor.  See Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994).  Furthermore, courts must assume that all general allegations "embrace whatever specific facts might be necessary to support them."  Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).  At the pleading stage, the plaintiff "need only show that the facts alleged, if proved, would confer standing upon him."  Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1140 (9th Cir. 2003).  If a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

Thus, in reviewing Counter-Defendants' motion to dismiss, the Court must assume the truth of all factual allegations contained in the counter-claims and construe those facts in the light most favorable to Sun Life.  See Everest & Jennings, 23 F.3d at 228.

**IV. DISCUSSION**

The issue presented by Counter-Defendants' motion to dismiss is whether Sun Life's state law claims for fraud, concealment, and misrepresentation against Plan participants are preempted by ERISA.  The Prakashes assert that ERISA's broad preemption

3

provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." 29 U.S.C. § 1144(a). A state law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983). In response, Sun Life asserts that Congress did not intend ERISA preemption to extend so far as to void state law suits protecting against fraud and leave Sun Life with no legal remedy. While there are no Ninth Circuit decisions directly on point, the Seventh and Second Circuits have held that such claims are not preempted. Those holdings are consistent with Ninth Circuit authority addressing very similar issues.

In Trustees of the AFTRA Health Fund v. Biondi, 303 F.3d 765, 770 (7th Cir. 2002), the court confronted a situation in which the trustees of an ERISA plan sued a participant alleging that he misrepresented that he was still married to his ex-wife so she could continue receiving medical benefits. The court held that the state law claims did not "relate to" the plan under the framework set forth by the Supreme Court in N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co., 514 U.S. 645, 658-60 (1995). Applying the Travelers criteria, the Biondi court stated, "by no stretch of the imagination can the Trustees' claim be said to mandate employee benefit structures or their administration, or bind plan administrators to particular choices or preclude uniform administrative practices." Biondi, 303 F.3d at 775.

In reaching its conclusion, the Biondi court found that a

4

plan participant has "a separate and distinct duty under [state] tort law" to avoid misrepresentations to the plan. Id. at 777. The Court stated, "[a] state law claim is not expressly preempted under § 1144(a) merely because it requires a cursory examination of ERISA plan provisions." Id. at 780. Finally, "far from thwarting ERISA's stated statutory objectives, the Trustees' common law fraud claim is an attempt to protect the financial integrity of the Fund, which is certainly in the Plan participants' and beneficiaries' best interests, as well as being consistent with the Trustees' fiduciary obligations under ERISA." Id. at 775.

Similar to the Seventh Circuit in Biondi, the Second Circuit denied preemption of state law fraud claims in Geller v. County Line Auto Sales, Inc., 86 F.3d 18, 22-23 (2d Cir. 1996). There, a defendant registered his girlfriend as a full-time employee even though she did not work at the company. Geller, 86 F.3d at 20. In reliance, plaintiffs enrolled the girlfriend in the benefits plan and ended up paying numerous fraudulent medical expenses. Id. The Geller court found that "allowing the plaintiffs to pursue their common law fraud claim would in no way compromise the purpose of Congress and does not impede federal control over the regulation of employee benefit plans." Id. at 23. In addition, "the essence of the plaintiffs' fraud claim does not rely on the pension plan's operation or management. . . . The plan was only the context in which this garden variety fraud occurred." Id.

The holdings in Biondi and Geller are consistent with the Ninth Circuit's interpretation of ERISA preemption of state law

5

claims.  See Ariz. State Carpenters Pension Trust Fund v. Citibank, 125 F.3d 715, 722-24 (9th Cir. 1997).  In Citibank, trustees sued Citibank, alleging that the bank had breached its custodial agreements.  The court held that ERISA did not preempt plaintiffs' state law claims for breach of contract, negligence, and fraud because those claims fell outside the three areas of concern identified by the Supreme Court in Travelers.  Id. at 724.  The court noted that "there are limits to the unusually broad preemptive sweep we have afforded ERISA."  Id. at 723 (quoting Concha v. London, 62 F.3d 1493, 1505 (9th Cir. 1995)).  As such, claims arising from state laws of general application are not preempted when common law imposes a duty of care, regardless of the nature of the parties.  See Citibank, 125 F.3d at 724.

    The Court finds that Sun Life's state law claims do not "relate to" the Plan and are not preempted by ERISA based on the principles articulated in Citibank, Geller, and Biondi.  Evaluation of Sun Life's claims does not require interpretation of Plan documents or ERISA, it merely requires evaluation of the factual allegations surrounding potential fraud.

    Counter-Defendants also assert that Sun Life lacks standing to pursue its claims and should have asserted its claim before payment was made.  Both of Counter-Defendants' remaining arguments fail.  First, Sun Life is a "real party in interest" and is thus permitted to sue under California law.  See Gantman v. United Pac. Ins. Co., 284 Cal. Rptr. 188, 191 (Cal. Ct. App. 1991).  Moreover, the parties filed a stipulation expressing their agreement that the Pulsent Plan no longer exists and that Sun Life is responsible

for any judgment in Plaintiff's favor.  See Docket No. 19.  Sun Life, in actively protecting its rights in this case, may present a defense and assert counter-claims.  Second, Sun Life asserted its claims in a timely fashion.  According to the counter-claims, Sun Life could not have discovered that Eniko was uninjured at the time the claims were made because of the alleged fraud and concealment.  It is not reasonable to preclude the counter-claims because Sun Life reasonably relied on statements of the beneficiaries.

**V. CONCLUSION**

For the reasons discussed herein, Counter-Defendants' Motion to Dismiss is DENIED.

IT IS SO ORDERED.

Dated: June 28, 2007

　　　　　　　　　　　　　　　　　　　／s／ Samuel Conti
UNITED STATES DISTRICT JUDGE

7