J. Russell Stedman (117130), rstedman@barwol.com
Kathleen E. Dyer (227216), kdyer@barwol.com
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California 94108-2713
Telephone: (415) 434-2800
Facsimile: (415) 434-2533

Attorneys for Defendants and Counter-Claimaint
SUN LIFE ASSURANCE COMPANY OF CANADA
and its dba SUN LIFE FINANCIAL

Laurence F. Padway
LAW OFFICES OF LAURENCE F. PADWAY
1516 Oak Street, Suite 109
Alameda, California 94501
Telephone: (510) 814-6100
Facsimile: (510) 814-0650

Attorneys for Plaintiff and Counter-Defendant
ENIKO PRAKASH and Counter-Defendant
ADITYO PRAKASH

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENIKO PRAKASH,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PULSENT CORPORATION EMPLOYEE LONG TERM DISABILITY PLAN,<br><br>　　　　Defendant. | CASE NO.: C06-07592 SC<br><br>**STIPULATION AND [PROPOSED] ORDER TO CONTINUE TRIAL DATE AND PRE-TRIAL SCHEDULE**<br><br>Trial Date: January 7, 2008 |
| SUN LIFE FINANCIAL and SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>　　Real Parties in Interest. | |
| AND RELATED COUNTER-CLAIM | |

I:\office\10260\067\07Pleadings\Stip to Continue Trial (fnl) 0905.doc

STIPULATION TO CONTINUE TRIAL DATE AND PRE-TRIAL DEADLINES
CASE NO.: C06-07592 SC

1

The parties to this action, through their respective counsel, stipulate as follows:

1. This action was filed on December 12, 2006 and the Counterclaim was filed on February 26, 2007.

2. The Case Management Conference was held on March 23, 2007. Because this case involves allegations of fraud and several years of events, the parties identified specific minimum discovery necessary in order to have a meaningful mediation, including initial written discovery, subpoenas to third parties and certain depositions, including of Plaintiff/Counter-Defendant Eniko Prakash ("Eniko"), Counter-Defendant Adityo Prakash ("Adityo"). The Court set the following dates and deadlines:

> November 8, 2007:   Discovery Cut-Off
> November 16, 2007:  Last Day for Hearings on Motions
> December 14, 2007:  Pre-trial Conference
> January 7, 2008:    Trial

3. On March 5, 2007, pursuant to stipulation of the parties, this court referred the above-captioned matter to mediation and ordered that mediation occur on or before 120 days from the date of the order, or July 2, 2007. On June 11, 2007, pursuant to stipulation of the parties, this court continued the deadline to complete mediation to September 14, 2007. This extension was based on delays in discovery until the scope of the case was determined by the Court's then pending ruling on Counter-Defendants' Motion to Dismiss Sun Life's Counterclaim.

4. Sun Life issued written discovery requests and deposition notices in March of 2007 and numerous third party subpoenas in May of 2007. Due to the delays in discovery created by the Motion to Dismiss the Counter-Claim, Eniko's current medical condition (described below) and Plaintiff's counsel's trial schedule, Sun Life did not receive responses to its written discovery until August 15, 2007, and Sun Life has been unable to take Eniko's and Adityo's depositions. In addition, Sun Life is still awaiting compliance with a critical third party subpoena, and Eniko's interrogatory responses identify several additional medical providers that Sun Life must subpoena records from in order to fully prepare for her deposition.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

2

STIPULATION TO CONTINUE TRIAL DATE AND PRE-TRIAL DEADLINES
CASE NO.: C06-07592 SC

5.   Shortly before and around the time of the Case Management Conference, Eniko was diagnosed with a new, previously undiagnosed condition. Eniko Prakash has been undergoing medical therapy for the past several months which has interfered with her ability to participate in discovery. She takes three intravenous antibiotic medications daily, which take a total of five hours to administer; one of these medications makes her nauseous for a considerable period of time following its administration. On every weekday, Mrs. Prakash also undergoes hyperbaric therapy, which takes two hours for the treatment and an additional two hours for travel, paperwork, etc. Further, Mrs. Prakash frequently is not well enough either to assist her counsel in preparing the case or to testify at deposition. Mrs. Prakash suffers from osteonecrosis of the jaw, a severe bone disease which provides an environment conducive to bacterial growth. It is expected that one of the reasons that Mrs. Prakash has been so resistant to antibiotic therapy is that the bacterial growth is supported by the dead bone in the jaw. For this reason, on August 27, Mrs. Prakash underwent debridement of the jaw, and she is recovering from that surgery. (The facts in this paragraph are based on the representations of Eniko and her counsel. Sun Life does not have independent verification of the facts in this paragraph, but does not dispute them for purposes of this stipulation. If the court desires confirmation of Eniko's medical condition, she can provide a letter from her physician.)

6.   In light of Eniko's current medical condition and the outstanding subpoenas, the parties cannot complete the discovery necessary to make the mediation set for September 14, 2007 successful, and they desire to continue the mediation date. If mediation fails, extensive secondary discovery, including multiple out-of-state depositions, will be necessary. The parties cannot complete mediation and then complete the post-mediation discovery that they desire under the current pre-trial deadlines or be prepared to commence trial on January 7, 2008.

7.   The parties respectfully request that the trial for this matter be continued approximately 120 days to mid-May 2008, and that all existing pre-trial schedule dates be adjusted according to the new trial date. A 120 day extension corresponds roughly to the amount of lost time to date resulting from lack of certainty as to the scope of this action, *i.e.* whether the Counter-Claim would be dismissed, and delays resulting from Eniko's medical issues. A shorter extension is impractical

1  because of calendar conflicts of counsel which include, for defense counsel, a San Francisco
2  Superior Court trial commencing April 21, 2008, and for plaintiff's counsel a one day bench trial on
3  March 31, and a ten day jury trial on April 14, 2008.

4  **IT IS SO STIPULATED.**

5  Dated: September 5, 2007                                    BARGER & WOLEN LLP

              By:  /s/ Kathleen E. Dyer
                   J. RUSSELL STEDMAN
                   KATHLEEN E. DYER
                   Attorney for Defendants SUN LIFE
                   ASSURANCE COMPANY OF
                   CANADA and its dba SUN LIFE
                   FINANCIAL

12  DATED: September 5, 2007                                   LAW OFFICES OF LAURENCE F.
                                                               PADWAY

              By:  /s/ Laurence F. Padway
                   LAURENCE F. PADWAY
                   Attorneys for Plaintiff
                   ENIKO PRAKASH

### [PROPOSED] ORDER

18  Good cause appearing, the court hereby orders that the existing January 1, 2008 trial date is
19  vacated and continued to ~~May~~ __4/14__, 2008. The existing pre-trial schedule is vacated and
20  replaced with the following:

21      1. Mediation Deadline          January 14, 2008
22      2. Discovery Cut-Off           February 4, 2008
23      3. Motion Hearing ~~Cut-off~~  March 7, 2008
24      4. Pre-Trial Conference        April 4, 2008

9/7/07    [signature]

4
BARGER & WOLEN LLP
660 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

STIPULATION TO CONTINUE TRIAL DATE AND PRE-TRIAL DEADLINES
CASE NO.: C06-07592 SC

1 | Dated: _____, 2007

By: _____
HONORABLE SAMUEL CONTI
United States District Court
Senior Judge

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

5

STIPULATION TO CONTINUE TRIAL DATE AND PRE-TRIAL DEADLINES
CASE NO.: C06-07592 SC