J. Russell Stedman (117130), rstedman@barwol.com
William Lee (148652), wlee@barwol.com
Travis R. Wall (191662), twall@barwol.com
Kathleen E. Dyer (227216), kdyer@barwol.com
BARGER & WOLEN LLP
650 California Street, 9th Floor
San Francisco, California 94108-2713
Telephone: (415) 434-2800
Facsimile: (415) 434-2533

Attorneys for Counterclaimant/Real Party in Interest
SUN LIFE ASSURANCE COMPANY OF CANADA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENIKO PRAKASH,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>PULSENT CORPORATION EMPLOYEE LONG TERM DISABILITY PLAN,<br><br>　　　　Defendant.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>　　　　Counter-Claimant, | CASE NO.: C06-07592 SC (BZ)<br><br>Hon. Bernard Zimmerman<br><br>**SUN LIFE ASSURANCE COMPANY OF CANADA'S OPPOSITION TO MOTION TO COMPEL**<br><br>Date:　　April 2, 2008<br>Time:　　10:00<br>Dept:　　Courtroom G<br><br>Trial Date:　April 14, 2008 |

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

SUN LIFE'S OPPOSITION TO MOTION TO COMPEL
CASE NO.: C06-07592 SC (BZ)

## TABLE OF CONTENTS

PAGE

1. INTRODUCTION .................................................................................................................1
2. STATEMENT OF FACTS.....................................................................................................1
   A. Sun Life Has Consistently Maintained that ERISA Discovery Beyond the Administrative Record is Impermissible..................................................................2
   B. Counterdefendants Serve No Discovery for a Year and Then Propound Broad Based Discovery Related to Alleged "Bias"...........................................................2
   C. Counterdefendants' Discovery is Extremely Broad................................................3
   D. Sun Life Concedes that *De Novo* Review Applies to this Case .............................5
3. ARGUMENT.........................................................................................................................5
   A. Standard for Evaluation of a Motion to Compel.....................................................5
   B. Discovery Related to Bias is Irrelevant...................................................................5
   C. Counterdefendants Never Identified Discrete Issues in the Administrative Record Showing a Potential Conflict of Interest or Sought Court Approval for Limited Bias Discovery......................................................................8
   D. Compliance with the Discovery Is Burdensome and Oppressive ...........................9
   E. The Discovery Seeks Irrelevant and Impermissible Propensity Evidence............11
4. CONCLUSION ...................................................................................................................13

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-i-
SUN LIFE'S OPPOSIITON TO MOTION TO COMPEL
CASE NO.: C06-07592 SC (BZ)

## TABLE OF AUTHORITIES
PAGE

### Cases

*Abatie v. Alta Health & Life Ins. Co.*,
   458 F.3d 955 (9th Cir. 2006) .................................................................................. 5, 6

*Black & Decker Disability Plan v. Nord*,
   538 U.S. 822 (2003) ......................................................................................... 10

*Chemical Leaman Tank Lines v. Aetna Cas. & Sur. Co*,
   89 F.3d 976 (3d Cir. 1996) ................................................................................ 12

*CSC Holding, Inc. v. Redisi*,
   309 F. 3d 988 (7th Cir. 2002) ............................................................................. 5

*Firestone Tire & Rubber Co. v. Bruch*,
   489 U.S. 101 (1989) .......................................................................................... 5

*Friedrich v. Intel Corp.*,
   181 F.3d 1105 (9th Cir. 1999) ............................................................................ 9

*In re Sulfuric Acid Antitrust Litig.*,
   231 F.R.D. 331 (N.D. Ill. 2005) ......................................................................... 5

*Israel Travel Advisory Service, Inc. v. Israel Identity Tours, Inc.*,
   61 F.3d 1250 (7th Cir. 1995) ............................................................................. 5

*Kearney v. Standard Inc. Co.*,
   175 F.3d 1084 (9th Cir. 1999) ............................................................................ 6

*Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*,
   46 F.3d 938 (9th Cir. 1995) ................................................................................ 8

*Opeta v. Northwest Airlines Pension Plan for Contract Employees*,
   484 F.3d 1211 (9th Cir. 2007) ............................................................................ 8

*Taft v. Equitable Life Assurance Soc'y*,
   9 F.3d 1469 (9th Cir.1993) ................................................................................ 8

### Statutes

Fed. R. Civ. Proc. 26(b)(2)(C) ........................................................................... 5, 9

Fed. R. Evid. 404(b) ............................................................................................ 11

### Rules

L.R. 37-2 .............................................................................................................. 9

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-ii-
SUN LIFE'S OPPOSIITON TO MOTION TO COMPEL
CASE NO.: C06-07592 SC (BZ)

## 1. INTRODUCTION

None of the discovery counterdefendants Eniko Prakash ("Eniko") and Adityo Prakash seek is even potentially relevant to disputed issues or allowable in ERISA cases. The discovery, in its entirety, relates to the issue of "bias" and the level of deference to be given to the decision made by Sun Life Assurance Company of Canada ("Sun Life"). Sun Life, however, agrees that the applicable that the standard of review in this case is *de novo*. Thus, the issue of Sun Life's alleged "bias" is immaterial. Counterdefendants' discovery has no conceivable relevance to the ERISA claims or to Sun Life's counterclaims.

Counterdefendants' burdensome discovery not only is irrelevant, but is impermissible in ERISA actions. From the inception of this litigation, Sun Life has consistently maintained that discovery beyond the administrative record is not allowed. There are instances where evidence can be utilized outside of the administrative record, but these instances are the exception not the rule. Even where allowed, any discovery should be narrowly circumscribed and relevant to discrete issues presented by the administrative record. In other words, parties cannot conduct broad based ERISA discovery as a matter of right.

Counterdefendants never sought the approval of the court to conduct limited discovery into a particular issue presented by the administrative record. Instead, without approval, they have embarked on a "scorched earth" campaign. Their requests are extremely broad and burdensome. Responding to the discovery would require a manual file by file review of thousands of records going back as far as seven years. The review would require months or perhaps years to complete. There is no justification for imposing these extreme burdens on Sun Life, especially in an ERISA action where discovery is prohibited or, even if allowed, extremely limited.

The discovery counterdefendants seek is irrelevant, is beyond the scope of permissible discovery in ERISA actions, and is burdensome and oppressive. The motion to compel should be denied in its entirety.

## 2. STATEMENT OF FACTS

Eniko was a participant in the Pulsent Corporation Employee Benefit Plan. In 2002, Eniko filed a claim for disability benefits based on a knee condition. Sun Life terminated Eniko's

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-1-
SUN LIFE'S OPPOSITION TO MOTION TO COMPEL
CASE NO.: C06-07592 SC (BZ)

disability benefits on the grounds that her knee condition did not preclude her from returning to work, and Eniko appealed. Sun Life later learned that Eniko became a director at Verseon LLC ("Verseon") in 2002 and, in September 2006, she began working at the company. She continued to work at Verseon until March 2007, after the initiation of this litigation. Eniko filed this action for recovery of plan benefits on December 12, 2006. Sun Life filed a counterclaim on February 26, 2007, seeking recovery of previously paid benefits alleging that Eniko and Adityo had misrepresented Eniko's work capacity and activities.

### A. Sun Life Has Consistently Maintained that ERISA Discovery Beyond the Administrative Record is Impermissible

On March 16, 2007, the parties filed a Joint Case Management Statement with the court. In this statement, Sun Life stated its position that discovery outside of the information contained in the administrative record and the plan documents should not be allowed. Declaration of Travis R. Wall ("Wall Decl.") ¶ 2, Exh. A. Sun Life indicated that it would consider limited conflict of interest discovery outside the record if the discovery was relevant to a discrete issue presented by the administrative record and was limited in scope. Wall Decl. ¶ 10. Despite this continuous objection, counterdefendants have never identified a discrete issue in the administrative record to which the discovery would be relevant or petitioned the court to make a determination regarding the permissible scope of ERISA discovery. Wall Decl. ¶ 12.

Sun Life contended in the case management statement that discretionary language in the applicable policy mandated that an arbitrary and capricious standard of review would apply to the ERISA claim. Wall Decl. ¶ 2, Ex. A. Sun Life's counsel learned last week, however, that discretionary language was inadvertently added to the policy and is inapplicable to this case. Sun Life accordingly has agreed that a *de novo* standard governs, which moots any conflict of interest discovery. Wall Decl. ¶ 7.

### B. Counterdefendants Serve No Discovery for a Year and Then Propound Broad Based Discovery Related to Alleged "Bias"

On December 4, 2007, nearly one year after the filing of this action, counterdefendants served their first set of discovery on Sun Life. Wall Decl. ¶ 3. Sun Life served timely objections

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-2-
SUN LIFE'S OPPOSITION TO MOTION TO COMPEL
CASE NO.: C06-07592 SC (BZ)

and clearly stated it believed that the bulk of the discovery requests fell outside the scope of permissible ERISA discovery. Wall Decl. ¶ 3, Exh. B. On January 3, 2008, counterdefendants served a Rule 30(b)(6) deposition notice and request for production of documents on Sun Life. Wall Decl. ¶ 4. Again, Sun Life served timely objections. Wall Decl. ¶ 4, Exh. C.

Counterdefendants' counsel, Laurence Padway, Esq., never paid any attention to Sun Life's objections to the scope of the discovery. During the January 25, 2008 of Sun Life's corporate representative, Mr. Padway admitted that he did not read Sun Life's objections to the 30(b)(6) deposition notice before flying to the East Coast to take the witness's deposition. Wall Decl., ¶ 6, Exh. E at 44:24-45:5.

On January 16, 2008, the last possible date to serve discovery, counterdefendants served their second set of discovery. Wall Decl. ¶ 5. This final set included, among other things, document requests relating to the Sun Life's policy filings with the California Department of Insurance.

Sun Life filed timely objections and responses to the second set of discovery requests. Wall Decl. ¶ 5, Exh. D. In its response, Sun Life reiterated its objection that the discovery exceeded the scope of discovery allowed under ERISA. Sun Life again requested that counterdefendants identify how their bias discovery related to the administrative record. Wall Decl. ¶ 10. Counterdefendants failed ever to provide this information. Wall Decl. ¶ 11. A mere three days later, on February 18, 2008, counterdefendants filed their motion to compel. Wall Decl. ¶ 8.

C. <u>Counterdefendants' Discovery is Extremely Broad</u>

Counterdefendants have made no attempt to focus their discovery. The vaguely worded requests seek information going back seven years and encompass multiple categories:

- The compilation of statistics going back seven years related to the number of record reviews completed by physicians, the number of those reviews that resulted in opinions favoring the award of disability benefits, and the number that resulted in opinions opposed to the award of disability benefits.
- The compilation of statistics showing show the number of claims in each of the past three years in which there was a disagreement between the treating physician and a

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

Sun Life consulting physician on the issue of whether or not an insured was disabled in which Sun Life agreed with the treating physician and the number of times when there was such a disagreement in which Sun Life disagreed with the treating physician.

- Records and writings relating to the procedures used by Sun Life to assure "quality control" with respect to its medical consultants;
- Policies and procedures by which Sun Life "exercises control" over physicians who consult with on disability claims.
- Writings related to how adjusters are to evaluate and decide between treating physicians who express an opinion of disability and Sun Life consultants who express a contrary opinion.
- All writings relating to or concerning "strategic planning" for disability claims from 2000 to the present.
- All writings relating to or concerning the policy and procedure for selecting claims for special or enhanced investigation.
- All writings relating to or concerning the method of selection of claims for inclusion in any program designed to control the payment of claims, such as any program of surveillance, special investigation units, roundtable, etc.
- Judgments entered against Sun Life during the last ten years in which it was found to have acted fraudulently or in bad faith.
- All writings which express the meaning and interpretation given by Sun Life to the definition of "Actively at Work."
- All pleadings, briefs, orders and judgments, and all discovery in litigation to which the meaning of the phrase "Actively at Work" was a substantial contested matter.

Wall Decl. ¶ 3-5, Exhs. B-D.

Counterdefendants have engaged in a far-reaching and burdensome discovery campaign against Sun Life which extends into areas that are not relevant or permissible.

-4-
SUN LIFE'S OPPOSITION TO MOTION TO COMPEL
CASE NO.: C06-07592 SC (BZ)

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

D. Sun Life Concedes that *De Novo* Review Applies to this Case

During meet and confer efforts regarding counterdefendants' second set of discovery, Sun Life reviewed its files and determined that it had inadvertently included language in the Pulsent disability policy that granted Sun Life discretion in the interpretation of policy terms and the grant or denial of benefits. Wall Decl. ¶ 7. Sun Life's counsel immediately informed Mr. Padway of this development, and Sun Life has now conceded that *de novo* review would be applicable to the denial of Eniko's benefits. Wall Decl. ¶ 10.

### 3. ARGUMENT

A. Standard for Evaluation of a Motion to Compel

In a motion to compel, the burden is on the moving party to demonstrate actual and substantial prejudice from the denial of discovery. *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 333 (N.D. Ill. 2005). When considering a motion to compel, a court must look at, among other factors, the materiality and utility of the discovery sought. *CSC Holding, Inc. v. Redisi*, 309 F. 3d 988, 992 (7th Cir. 2002). A court is justified in denying a motion to compel that will not aid in "the exploration of a material issue." *Israel Travel Advisory Service, Inc. v. Israel Identity Tours, Inc.*, 61 F.3d 1250, 1254 (7th Cir. 1995). Furthermore, the Federal Rules authorize a court to deny a motion to compel if compliance with the discovery sought would unduly burden the responding party. *See* Fed. R. Civ. Proc. 26(b)(2)(C).

B. Discovery Related to Bias is Irrelevant

There are only two standards used to review the denial of benefits – abuse of discretion or *de novo*. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Abuse of discretion occurs where language contained in the policy gives the plan administrator discretion over the interpretation of terms in the policy. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963-64 (9th Cir. 2006). Where the standard of review is abuse of discretion, a conflict of interest on the part of the plan administrator may be relevant to the Court's review of a denial of benefits. *Abatie*, 458 F.3d at 965.

Sun Life just recently recognized that it had inadvertently incorporated discretionary language into the Pulsent policy. This language gave Sun Life discretion over the interpretation of

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

policy terms and the grant or denial of benefits creating an abuse of discretion standard of review and making the issue of bias relevant *See Abatie*, 458 F.3d at 963-64. Sun Life now concedes that this language retains no force and informed counterdefendants of their position at the earliest possible opportunity. As a result, any review of the denial is under a *de novo* standard. *Firestone*, 489 U.S. at 115(in the absence of policy language giving discretion to the plan administrator, *de novo* review is the controlling standard); *see also Kearney v. Standard Inc. Co.*, 175 F.3d 1084, 1089 (9th Cir. 1999) (*de novo* is the default standard of review).

Where *de novo* review applies, "[t]he court simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits, *without reference to whether the administrator operated under a conflict of interest*." *Abatie*, 458 F.3d at 963 (emphasis added). Thus, bias or conflict of interest is not even potentially relevant.

Counterdefendants characterize the vast majority of the discovery they seek to compel as relating to "bias in the claims process."[1] *See* Counterdefendants' Motion to Compel, p. 3. In its motion to compel, counterdefendants admit that the discovery sought is *solely* related to bias. Counterdefendants confirm this fact by:

- Explicitly stating that "the remainder of the discovery requests [Interrogatory Nos. 22, 24, and 25, Request for Production Nos. 2, 5, 6, 10, 13, and 14, the deposition testimony of Donna Zeh, the deposition testimony of Debra Conner and the Request for Production attached to the 30(b)(6) deposition notices] *all go to the bias of the carrier. See* Motion to Compel, p. 7 (emphasis added).

- Maintaining that the documents requested in the 30(b)(6) notice are relevant to demonstrate an "infer[ence] that this [process] is merely a cover to deny claims." *See* Motion to Compel, p. 11.

- Stating that questions posed to Donna Zeh related to whether Sun Life's claims administration procedures are "fair" or have a "lack of standards" and "goes directly to…the standard of review." The questions also allegedly go "directly to whether or

---

[1] The other discrete area of discovery concerns the terms of the policy itself. Since Sun Life has conceded that the policy terms contained in the Prakash policy will require *de novo* review,

not Sun Life is biased against treating physicians and therefore the standard of review." See Motion to Compel, p. 12-13.

- Asserting that interrogatories 24 and 25 and document requests 2, 10, 13 and 14 are supposedly relevant to Sun Life's relationship with Dr. Corzatt presumably to demonstrate a conflict of interest. See Motion to Compel, p. 15-16.
- Claiming that document requests 5 and 6 relate to Sun Life's interpretation of policy terms which if interpreted in a certain way, according to plaintiff, "may show bias." See Motion to Compel, p. 16.

Counterdefendants' intent is clear – to obtain discovery of evidence which cannot be used under the controlling standard of review. Counterdefendants' bias/conflict of interest discovery is not material to the review of the claim denial under the *de* novo standard of review. Counterdefendants cannot suffer prejudice from the denial of discovery that is not germane to the case and will not "lead to the exploration of a material issue." There is absolutely no utility for evidence that the court cannot properly consider in its evaluation of the denial of benefits.

The cases cited in support of counterdefendants' motion to compel are focused singularly on situations where the abuse of discretion standard of review is applicable. As a result, the cases have no bearing on the legitimacy of the discovery under a *de novo* standard of review.

In light of the foregoing, counterdefendants' only other avenue to legitimize the discovery requests is to connect it to Sun Life's counterclaim. On numerous occasions since March 2007, in the joint case management statement, its written responses and during depositions, Sun Life has maintained that the discovery at issue is impermissible and is irrelevant to Sun Life's counterclaim – giving counterdefendants the opportunity to establish how it is related. However, despite multiple opportunities to do so, counterdefendants have never demonstrated nor attempted to demonstrate how the discovery sought is connected to Sun Life's counterclaim.[2] Counterdefendants have failed to do so instead claiming that it is entitled to the discovery because of "bias" – a position that is not supported by the posture of the case.

___

counterdefendants' motion to compel as to the terms of the insurance policy is irrelevant.
[2] These opportunities occurred in the form of Sun Life's discovery responses and objections and

-7-
SUN LIFE'S OPPOSITION TO MOTION TO COMPEL
CASE NO.: C06-07592 SC (BZ)

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

C. Counterdefendants Never Identified Discrete Issues in the Administrative Record Showing a Potential Conflict of Interest or Sought Court Approval for Limited Bias Discovery

As a general rule, the basis of the review of the denial of benefits is the administrative record itself. *Butler v. Shoemake*, 173 F.Supp. 2d 1069, 1074 (D. Or. 2001). Evidence outside the record is typically not contemplated to evaluate the legitimacy of the benefits decision. "This restriction is based on the principle that federal district courts should not function 'as substitute plan administrators,' and that expanding the record on appeal 'would frustrate the goal of prompt resolution of claims by the fiduciary under the ERISA scheme.'" *Taft v. Equitable Life Assurance Soc'y*, 9 F.3d 1469, 1472 (9th Cir.1993). Counterdefendants do not have traditional rights to conduct discovery into matters outside the administrative record, and those instances where evidence can be utilized outside of the administrative record are the exception not the rule. *See Opeta v. Northwest Airlines Pension Plan for Contract Employees*, 484 F.3d 1211 (9th Cir. 2007).

The Ninth Circuit has stated that the appropriate scope of *de novo* review allows a district court to allow evidence that was not before the plan administrator *in its discretion*. *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943-44 (9th Cir. 1995). However, such discretion should only be exercised where "circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision. In most cases, where additional evidence is not necessary for adequate review…the district court should only look at the evidence that was before the plan administrator…at the time of the determination." *Id.* at 944 (internal citations omitted).

In *Mongeluzo*, the evidence outside the administrative record at issue was medical evidence relating to the plaintiff's alleged disability. *Id.* at 944. The court allowed the medical evidence but cautioned that "a district court should not take additional evidence merely because someone at a later time comes up with new evidence that was not presented to the plan administrator." *Id.* Other instances where additional evidence has been allowed to supplement the administrative record have also focused on the admission of medical records reviewed so the court can fully evaluate the denial

---

objections during the 30(b)(6) depositions of Sun Life employees. Shaw Decl. ¶__.

-8-
SUN LIFE'S OPPOSITION TO MOTION TO COMPEL
CASE NO.: C06-07592 SC (BZ)

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

of a claim. *See Mongeluzo*, 46 F.3d at 944; *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) (affirming district court decision to admit medical records); *Kearney*, 175 F.3d at 1091 (finding that district court did not abuse its discretion in refusing to admit additional medical records). Here, counterdefendants's discovery does not seek the introduction of any medical evidence to expand the administrative record. Rather counterdefendants are seeking simply bias evidence that is not ever appropriately considered under *de novo* review.

Further, *Mongeluzo* mandates that as a precursor to the allowance of additional evidence, a showing must be made demonstrating the clear necessity of it. *Mongeluzo*, 46 F.3d at 944. Counterdefendants have made no such showing and have not even attempted to demonstrate that additional evidence is necessary. Instead, they propounded irrelevant discovery without justification and now, after Sun Life properly objected to the discovery, provide a weak justification after the fact.

Again, counterdefendants' only avenue to legitimize the discovery is to demonstrate its connection to the counterclaim. Counterdefendants have never articulated how the discovery is related to the counterclaim.

D. Compliance with the Discovery Is Burdensome and Oppressive

Even if counterdefendants' discovery were permissible, the responses to certain requests, if any, cannot be provided because to do so would impose severe burdens on Sun Life. Local Rules require that a moving party detail the basis for the party's contention that it is entitled to the discovery and "show the proportionality and other requirements of FRCivP 26(b)(2) are satisfied." L.R. 37-2. Under Federal Rule of Civil Procedure 26(b)(2)(C), a court and parties should consider, among other things, whether the "burden or expense of the proposed discovery outweighs its likely benefit." Counterdefendants' discovery requests fall within this exception.

Counterdefendants cannot establish a need for the discovery that outweighs the tremendous burden imposed. All counterdefendants' discovery goes to bias, which is irrelevant under a *de novo* review. Most of it also focuses on the amount of discretion afforded to treating physicians. Yet, it is settled that ERISA "plan administrators are not obligated to accord special deference to the

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

opinions of treating physicians." *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 825 (2003).

Specifically, Interrogatories 22, 24, and 25 and Request for Production Nos. 2, 5, 6 and 10 will create significant burden both in time and cost. In these requests, counterdefendants sought information or documents in several areas: those related to the number of claims reviews favoring a disability award, the number of claims opposing a disability award, the percentage of occasions Dr. Corzatt reviewed files and made certain determinations, the number of instances Sun Life rejects certain opinions of treating physicians, and writings demonstrating how Sun Life adjusters evaluate differences of opinion between treating physicians and "Sun Life consultants."

While totally irrelevant, the information sought would be extremely burdensome to locate. Sun Life does not maintain the information and records sought in a readily accessible manner. Specifically, Sun Life does not track how many files are referred to particular physician consultants nor does Sun Life maintain files related to specific physicians at all. Sun Life cannot simply conduct electronic searches to identify responsive information or documents. *See* Declaration of Debra Conner ("Conner Decl.") ¶ 4. As a result, to comply with the discovery, Sun Life would be forced to conduct an extremely expensive, time consuming file by file review for information that will have no bearing on this case. *Id.*

Regardless of a particular claim's status – i.e. whether it is open or closed – there is a strong likelihood that the file has been reviewed by a physician. Conner Decl ¶ 7. In 2007, the Sun Life block of business received 5,490 new claim notices and, effective December 31, 2007, had 7,026 open and ongoing claims totaling 12,516 files. Conner Decl ¶ 5-6. Over a five year period, reviewing all files that have been reviewed by a physician consultant would require the review of approximately 62,000 files.[3] Conner Decl. ¶ 6. Depending on the contents of a particular file, it would take one Benefits Analyst one day to review four or five files. Conner Decl. ¶ 8. An entry level Benefits Analyst earns approximately $20.00 per hour. Conner Decl. ¶ 9. Presently, Sun Life does not have surplus Benefits Analysts available to conduct such a review. *Id.* Sun Life would

---

[3] Counterdefendants' Interrogatory No. 22 seeks information over a 7 year period – potentially increasing the burden to Sun Life even more.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

need to retain outside consultants to conduct the file review. *Id.* These outside consultants earn, on average, $150.00 per hour. *Id.*

Assuming one person conducted the review of the 12,516 files with an average of four files reviewed per day, it would take 3,129 days to complete the review. Conner Decl. ¶ 10. Even assuming that the files were reviewed by a dozen analysts averaging four files per day, the review would still take 260 days to complete the review. *Id.*

Since outside analysts would have to be retained, the cost would be burdensome and, ultimately, prohibitive. At $150.00 per hour, it would cost $6000.00 per week per consultant to review the files. Conner Decl. ¶ 11. To complete a review of the 12,516 files, a total cost of $3,744,000.00 would be incurred by Sun Life. *Id.*

Furthermore, Sun Life does not maintain records of its closed and pending litigation based on the issues raised in the litigation. Conner Decl. ¶ 12. Counterdefendants seek the production of all pleadings, briefs, orders and judgments and all discovery in litigation where the term "Actively at Work" was substantially contested. *See* Motion to Compel, p. 16. Counterdefendants have not restricted the request by time in any manner. To comply with this request, Sun Life would be required to review every instance of litigation to determine if responsive documents are available. Conner Decl. ¶ 12.

Clearly, to force Sun Life to incur costs in excess of $3,000,000.00 to respond to discovery that is not relevant to the applicable standard of review and has not been authorized by the court is burdensome and oppressive and creates an independent reason to reject the motion to compel as it applies to the specific discovery requests noted above.

E. The Discovery Seeks Irrelevant and Impermissible Propensity Evidence

Notwithstanding the illegitimacy of the bias discovery due to *de novo* review, counterdefendants are actually seeking discovery to demonstrate a *propensity* of bias. Under Federal Rule of Evidence 404, evidence regarding other record reviews is not admissible for the purpose of demonstrating that there is a propensity to engage in a "bad act." Fed. R. Evid. 404(b) (evidence of other alleged "bad acts" not admissible to prove the character of a person in order to show action in conformity therewith). Here, counterdefendants are seeking discovery into other

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

record reviews ostensibly for the purpose of demonstrating some sort of propensity for bias on the part of Sun Life.

Counterdefendants' discovery, even if allowed, would only reflect percentages in which the medical consultants or claims administrators overrode the opinions of treating physicians. These numbers, however, would only have relevance if understood in context. Counterdefendants would have to prove that alleged wrongdoing in the handling of other files was "similar" to this dispute and relevant for a proper purpose.

To explore this issue, Sun Life would be permitted to investigate and introduce competing witness testimony and documentary evidence to rebut allegations that it was biased in the individual claims determination. In addition, counterdefendants would have to prove that the other record reviews and factual disputes were "similar" to the review conducted of Eniko. Resolving these issues would require additional third-party depositions and third-party document discovery into record reviews that have no relation to this case. In other words, the court would have to consider the details and the merits of each of the other denials or grants of benefits, causing the court to conduct a series of mini-trials on collateral issues.

The court's reasoning in *Chemical Leaman Tank Lines v. Aetna Cas. & Sur. Co*, 89 F.3d 976 (3d Cir. 1996) is instructive. That case involved allegations of environmental contamination at a Bridgeport site. The defendant sought to introduce evidence regarding contamination at other sites in order to prove that the other party knew that its facilities could lead to environmental contamination. The district court refused to admit the evidence because its relevance depended upon an extended chain of reasoning linking it to the Bridgeport site:

> [T]he jury would have to evaluate the various explanations offered by Chemical Leaman on why its knowledge of alleged problems at other sites did not translate into an expectation or intention that the rinsewater treatment system in Bridgeport would cause damage. These explanations include, among others, whether damage actually occurred at the other sites; and whether the geological and other conditions at the other sites were significantly different or substantially the same as at Bridgeport. . . . The probative value of the proffered other site evidence is remote because it necessarily depends upon these intermediate findings.

*Chemical Leaman,* 89 F.3d at 994.

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

Likewise, in this case, the Court would have to make a series of intermediate findings regarding the details of other claims to determine whether counterdefendants' proffered evidence has any probative value. Allowing evidence about other claims and record reviews would turn this litigation into a series of mini-trials on collateral matters that have no potential for relevance to this case.

### 4. CONCLUSION

Counterdefendants have no basis to conduct the discovery they seek. Under the *de novo* review standard, evidence of bias – the bulk of the discovery sought – cannot ever be considered. Furthermore, counterdefendants have failed to clearly establish that additional evidence is necessary to properly evaluate the administrative record and have failed to do so. Lastly, compliance with the discovery would severely burden Sun Life and lead to the review of numerous, completely unrelated claims. Counterdefendants' motion should be denied in its entirety.

Dated: February 25, 2008                                   BARGER & WOLEN LLP

By: /s/ Travis Wall
J. RUSSELL STEDMAN
WILLIAM LEE
TRAVIS R. WALL
KATHLEEN E. DYER
Attorney for Real Party in
Interest/Counterclaimant SUN LIFE
ASSURANCE COMPANY OF
CANADA

BARGER & WOLEN LLP
650 CALIFORNIA STREET
NINTH FLOOR
SAN FRANCISCO, CA 94108
(415) 434-2800

-13-
SUN LIFE'S OPPOSITION TO MOTION TO COMPEL
CASE NO.: C06-07592 SC (BZ)