UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENIKO PRAKASH, | ) |
| Plaintiff(s), | ) No. C06-7592 SC (BZ) |
| v. | ) **FOURTH DISCOVERY ORDER** |
| PULSENT CORPORATION, | ) |
| Defendant(s). | ) |

Counsel for all parties and Verseon appeared at the telephonic hearing today regarding their various discovery motions filed. For the reasons set forth on the record, **IT IS HEREBY ORDERED** as follows:

1. Sun Life's application for an order to show cause as to why a contempt citation should not issue against Verseon (Docket No. 76) is **GRANTED, IN PART**. Verseon is **ORDERED** to:

   a. By no later than **March 3, 2008**, produce for inspection to Sun Life the archive CD of the computer Eniko used at Verseon. Verseon shall abstract the financial document on the CD, as discussed at the hearing, and shall scramble all numbers reflecting Verseon's proprietary

financial information without altering the metadata on the CD. Verseon shall not scramble any financial data concerning or relating to Eniko. If the financial document contains information regarding Eniko, Sun Life is given leave to return to me and seek a further order for discovery if necessary. The CD shall be produced subject to an attorneys eyes only protective order which shall be filed by no later than **February 29, 2008**[1]. Sun Life shall return the CD within **48 hours** of receipt.

    b. Verseon shall set up a time, to occur no later than **March 6, 2008**, for Sun Life's technology expert to come its office and examine the laptop computer that Eniko used that is now being used by Sachin Ahuja. The expert's inspection of the computer is limited to **2 hours**. The expert shall limit his inspection to portions of the computer that he and Mr. Ahuja agree upon. Counsel for Sun Life and Version may be present during the inspection. Mr. Ahuja shall not delete or remove anything from the laptop prior to the inspection. Sun Life's expert shall not copy any information from the computer, unless Mr. Ahuja consents. If there are any disputes regarding the inspection, the parties have leave to contact me.

    c. By no later than **March 13, 2008**, Mr. Ahuja is **ORDERED** to file a declaration, under oath, that he has conducted the following searches: I) for the period between July 2002 through July 2003 and during the year of 2006, all the

---

[1] The parties are encouraged to use the Stipulated Protective Order on the Court's website.

2

computers of Verseon employees' in-boxes and out-boxes for emails to or from Eniko, as well as all emails regarding Eniko; ii) if the computers no longer contain the above information, Mr. Ahuja shall review all back-up tapes or archives for the information[2]; and iii) search all Verseon employee's computers, as well as, Verseon's back-up files and archives for documents referring to Eniko. In the declaration, Mr. Ahuja shall identify all emails and documents he locates in the search and Verseon shall produce the emails and documents to Sun Life by no later than **March 13, 2008**.

The remainder of Sun Life's application is **DENIED WITHOUT PREJUDICE** to being renewed if the results of this order warrant further relief.

2. Sun Life's Motion to for an order granting leave to take additional depositions filed (Docket No. 83) is **GRANTED, IN PART.**

Sun Life has leave to take the depositions of Somalee Datta, for up to **3 hours**, of Sunder Velamuri, for up to **2 hours,** and of Phillip Albert, if it wishes to do so after reviewing his report. All depositions shall be completed by no later than **March 14, 2008**. The request to depose Dr. Harris is **DENIED**. The request to depose Dr. Dye is **DENIED**, but Dr. Dye is precluded from giving trial testimony about the bone scans that is beyond the scope of his deposition testimony.

3. Plaintiff's second motion to compel(Docket No. 87) is

---

[2] If Mr. Ahuja is unable to reconstruct or search the archives or back-ups, he shall explain his attempts to access the information to the court in his declaration.

3

**GRANTED IN PART** and **DENIED IN PART**.

Sun Life is **ORDERED** to answer plaintiffs' interrogatory number **22**, set one. The showing of burden made by Sun Life does not persuade me that no discovery on bias should be permitted. As I stated during the hearing, and as plaintiffs noted in their memorandum, I suggest that Sun Life begin by asking Dr. Corzatt, and any other doctor that has reviewed Ms. Prakash's file, for a list of matters they worked on during the relevant period, which for the moment I will limit to one year before each doctor's review of the Prakash file. I do not see why it would be necessary for Sun Life to review each file it has to see if Dr. Corzatt worked on that file. Once Sun Life has a list of files which Dr. Corzatt reviewed during the relevant period, Sun Life can then review those files for the rest of the information. I realize that there will be some attendant burden but the issue of bias is a recognized and recurring one, and plaintiffs should not be deprived of relevant information merely by the way Sun Life has chosen to maintain its records.

Plaintiffs' motion to compel is also granted as to her request for production of documents numbers **3** - **4**, set two. Sun Life shall serve the further discovery responses by no later than **March 6, 2008**.

Sun Life is further **ORDERED** to produce Debra Connor for further deposition, by video, by no later than **March 14, 2008.** Ms. Connor is ordered to answer the question posed to her on pages 46 - 47, lines 21 - 2 of her deposition transcript, as well as any follow-up questions required.

4. Plaintiff's motion for attorneys' fees filed on February 18 (Docket No. 90) is **DENIED**. Although I do not believe an award of attorneys fees is warranted at this time, Sun Life is **ORDERED** to pay the costs for the court reporter and for plaintiffs' copy of the video transcript of the further deposition of Ms. Connor.

5. On February 22, 2008, Sun Life also filed a motion to compel and a second application for an order to show cause (Docket Nos. 100 and 103). Any oppositions to the motion and application shall be filed by no later than **March 3, 2008** and any replies shall be filed by **March 5, 2008**, if necessary. I will notify the parties if a hearing is required on the motions.

6. At the hearing, I admonished the parties that any failure to adhere to the procedures for bringing discovery disputes before the court, as set forth in my initial discovery order, will result in the issuance of an order to show cause as to why sanctions should not be issued.

Dated: February 29, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\PRAKASH V. PULSENT\DISC4.ORDER.wpd

5