UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENIKO PRAKASH,<br><br>       Plaintiff,<br><br>  v.<br><br>PULSENT CORPORATION EMPLOYEE LONG TERM DISABILITY PLAN,<br><br>       Defendant.<br>_____<br>SUN LIFE FINANCIAL and SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>       Real Parties in Interest.<br>_____ | No. C-06-7592 SC<br><br>ORDER DENYING MOTION <u>FOR SUMMARY JUDGMENT</u> |

## I. **INTRODUCTION**

Counterclaim-defendants Eniko Prakash and Adityo Prakash (collectively "Prakashes") move for summary judgment on four counterclaims brought by Real Party in Interest Sun Life Assurance of Canada ("Sun Life"). See Docket No. 31. Sun Life opposed the Motion, and the Prakashes replied. Docket Nos. 48, 56. Having reviewed the parties' submissions, the Court concludes that there are genuine disputes regarding material facts, and therefore DENIES the Prakashes' Motion.

## II. **BACKGROUND**

The Prakashes were founders of Pulsent Corp. and participants in the Pulsent Corp. Employee Long Term Disability Plan ("the

Plan"), the named Defendant here. The Plan, which is now defunct, was governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.("ERISA"). Sun Life issued an insurance policy that funded all benefits under the plan, made all claims determinations under the plan, and now stands in place of the Plan in this suit.

In July 2002, Eniko Prakash underwent knee surgery. Following that surgery, she claimed permanent disability and represented that she was unable to work. Sun Life paid Mrs. Prakash long term disability benefits from September 11, 2002 until March 9, 2005. At that time, Sun Life determined that Mrs. Prakash was able to work in certain conditions, and therefore terminated her benefits. Mrs. Prakash brought this suit in December 2006, seeking review of Sun Life's decision to terminate her benefits.

Sun Life brought counterclaims against Mrs. Prakash for intentional misrepresentation, concealment, and negligent misrepresentation, as well as a claim against both Mr. and Mrs. Prakash for conspiracy to commit fraud. Generally, Sun Life alleges that Mrs. Prakash misrepresented the extent of her disability and whether or not she was able to work, and that she did in fact take on alternate employment while still claiming that she was completely disabled.

### III. LEGAL STANDARD

Entry of summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits

2

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Summary judgment should be granted where the evidence is such that it would require a directed verdict for the moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Thus, "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In addition, entry of summary judgment in a party's favor is appropriate when there are no material issues of fact as to the essential elements of the party's claim. Anderson, 477 U.S. at 247-49.

## IV. DISCUSSION

The Court finds that there are a number of genuine disputes regarding material facts and that summary judgment is therefore inappropriate. The parties have presented a number of conflicting medical reports detailing Mrs. Prakash's various ailments from 2002 to the present. In order to evaluate these reports and the testimony of the physicians who provided them, it will be necessary for the fact-finder at trial to make determinations on the credibility of each physician, which the Court cannot do at this stage. See Dominguez-Curry v. Nev. Transp. Dep't, 424 F.3d 1027, 1035-36 (9th Cir. 2005). For example, the Prakashes explicitly challenge the credibility and objectivity of Dr.

William Hall, one of Sun Life's consultants. See Reply at 9-10.

The Prakashes argue that the Court cannot review the documentary evidence submitted by Sun Life because the Court is limited to consideration of "the pleadings, the discovery and disclosure materials on file, and any affidavits." Reply at 3 (citing Fed. R. Civ. P. 56(c)). Contrary to the Prakashes' reading, the list of materials in Rule 56(c) which may form the basis of the Court's ruling on a motion for summary judgment is not an exhaustive list. See, e.g., Duffee *ex rel* Thornton v. Murray Ohio Mfg., 160 F.R.D. 602 (D. Kan. 1995).

The Prakashes further object that much of the evidence Sun Life submits is inadmissible hearsay. However, sustaining the objection would not affect the Court's ruling. The Prakashes also cite to Sun Life's exhibits repeatedly. If the Court excluded that evidence, the Prakashes would be left with only their own testimony and that of Dr. Dye, which would not be sufficient to meet their burden for summary judgment. Dr. Dye only treated Mrs. Prakash for knee problems. He did not treat her for sleep trouble, Lyme disease, chronic fatigue, mononucleosis, or any of the other numerous health problems she described to Sun Life. See, e.g., Padway Decl. Ex. 1, Dye Depo., at 46-47, 92, 100-01. Further, Dr. Dye could not know what representations Mrs. Prakash made to Sun Life, whether she lied or omitted material details, and what her intent was if she did so. As such, on the bulk of the issues underlying Sun Life's counterclaim, the only evidence the Prakashes have is their own testimony. Nothing in the record indicates that either of the Prakashes is a doctor qualified to

testify about Mrs. Prakash's health problems or the extent of her disability. Thus, even if the Court accepts the Prakashes' testimony relating to all of the issues about which they are qualified to testify, and considers no other evidence, there remain factual disputes which will be best resolved by the fact-finder at trial.

Finally, the Court notes that the Prakashes brought this motion well before the close of discovery and that, even with trial approaching, the parties are still conducting discovery and bringing new discovery disputes before Magistrate Judge Zimmerman. Under such circumstances, where Sun Life has not yet had the opportunity to fully develop its case, it is appropriate and within the Court's power to deny the motion. See Fed. R. Civ. P. 56(f)(1).

## V. **CONCLUSION**

For the reasons set forth above, the Court DENIES the Prakashes' Motion for Summary Judgment.

IT IS SO ORDERED.

Dated: March 5, 2008

_____
UNITED STATES DISTRICT JUDGE