UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ENIKO PRAKASH, | ) | |
| Plaintiff(s), | ) ) | No. C06-7592 SC (BZ) |
| v. | ) ) | **ORDER GRANTING SUN LIFE'S** |
| PULSENT CORPORATION, | ) ) | **MOTION TO COMPEL IN PART** |
| Defendant(s). | ) ) ) | |

Before the court is Sun Life's Motion To Compel the Prakashes to turn over the Pulsent Settlement Agreement and a note that Mr. Prakash showed Mr. Ahuja during the latter's deposition and to compel further testimony with respect to those documents. Having read all of the submitted papers, the court finds no need for argument. **IT IS HEREBY ORDERED** that the motion is **GRANTED** as follows:

1. The Prakashes shall direct the Townsend firm to produce Item No. 4 of its privilege log which appears to be the disputed Settlement Agreement. If it is not clear that it is the final agreement, then the most final draft shall be produced. All information which may contain trade secrets or

proprietary information may be abstracted.  The only relevance of the document is to see whether at the time of the settlement Mrs. Prakash was claiming damages for lost earnings or was receiving an amount in settlement of such a claim.  Redactions should be made with that in mind.  In the event the Settlement Agreement contains a confidentiality provision, the redacted Settlement Agreement shall be produced to Sun Life under an "Attorney's Eyes Only" protective order.  If it is not clear from the terms of the Settlement Agreement whether Mrs. Prakash made any claim for lost earnings or whether the settlement included an amount for such a claim, Sun Life is given leave to redepose Mrs. Prakash briefly on this narrow issue only.  This testimony shall be taken under seal and produced to Sun Life under an "Attorney's Eyes Only" protective order, again assuming that the Settlement Agreement contains a confidentiality provision.

    2.  The note that Mr. Prakash showed to Mr. Ahuja shall be produced.  Given the particular circumstances of this case and without offering any view on whether the information in the note is admissible, the court has concluded that the note should be produced in discovery to satisfy Sun Life's concern that Mr. Prakash may have been trying to influence the witness' testimony.  While counsel for Prakash asserts that the note contained privileged communications between him and Mr. Prakash, counsel does not satisfactorily reply to Sun Life's argument that the privilege was waived when Mr. Prakash showed the document to Mr. Ahuja outside the presence of counsel.  There is no support in the record for any contention

that disclosure of the privileged communication to Mr. Ahuja was necessary to further the interests that gave rise to the privileged communication in the first place. If after reviewing the communication Sun Life believes that further questioning of Mr. Ahuja is warranted, it shall seek leave from the court.

    3. Production of documents required by the this Order shall occur by **March 14, 2008.** Except as so granted, the motion is **DENIED**.

Dated: March 6, 2008

                                Bernard Zimmerman
                    United States Magistrate Judge

G:\BZALL\-REFS\PRAKASH V. PULSENT\DISC5.ORDER.wpd