UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENIKO PRAKASH,<br><br>    Plaintiff(s),<br><br>  v.<br><br>PULSENT CORPORATION,<br><br>    Defendant(s). | No. C06-7592 SC (BZ)<br><br>**ORDER GRANTING IN PART APPLICATION FOR ORDER TO SHOW CAUSE** |

Sun Life has moved for an Order To Show Cause Why a Contempt Citation should not issue against Verseon for failing to comply with one or more subpoenas it served on Verseon. In its opposition Verseon first contends that the subpoenas are "fatally defective" because no witness fees were tendered at the time the subpoenas were served as required by Federal Rule of Civil Procedure 45(b)(1). Sun Life does not dispute that it failed to tender the fees but asserts that the Rule "only applies to deposition subpoenas where a person's attendance is commanded" and these subpoenas simply required the production of documents.

1

As to the subpoenas that simply required Verseon to produce documents, it does not appear that a witness fee was necessary. Practice Commentary C45-19 states "if the person served with the subpoena is required to attend somewhere, the fee must be tendered." The fee in question is that provided by 28 U.S.C. §1821 which requires that a fee be tendered to a witness required to appear at trial or deposition. Verseon was not required to attend any hearing. None of the cases cited by Verseon involved subpoenas which only required the production of documents.

The court is troubled by the way that discovery has proceeded in this matter. Although Sun Life now complains about the response to the subpoena served on May 18, 2007, this complaint comes on the eve of trial. The court notes that the category of documents sought in the May 18, 2007 subpoena is fairly broad given that the principal issue on the cross-complaint is whether fraud was committed in 2003, presenting a proportionality issue under 26(b)(2)(C)(iii). The court is also troubled by the fact that there seems to be no clear record of the search that Verseon conducted in response to the subpoena and that documents which appear to have been called are only now appearing and even now incrementally.

In the interest of expediting the trial, **IT IS HEREBY ORDERED** that by **March 14, 2008** an officer or other senior employee of Verseon, such as Mr. Ahuja, but not one of the plaintiffs, shall conduct a search for the documents called for by categories 1, 3, and 5 of the November 26, 2007

2

subpoena and file a written declaration attesting to the search that was conducted and to the production of any responsive documents that were not previously produced.[1]

Except as so **GRANTED**, the Sun Life application for an order to show cause is **DENIED**.

Dated: March 6, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\PRAKASH V. PULSENT\DISC6.ORDER.wpd

---

[1] The court is not prepared to further enforce the December 5, 2007 subpoena without an explanation from Sun Life as to whether a witness fee was tendered when that subpoena was served and, if not, why it was not since it required a witness to attend a deposition.

3