UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ENIKO PRAKASH,                )
                              )
        Plaintiff(s),         )   No. C06-7592 SC (BZ)
                              )
     v.                       )
                              )   **NINTH DISCOVERY ORDER**
PULSENT CORPORATION,          )
                              )
        Defendant(s).         )
                              )
_____)

Before the court are two related motions:  Sun Life seeks an order compelling Verseon: (1) to produce documents which Verseon archived from Eniko Prakash's computer, in their original electronic format with metadata intact; (2) to produce the laptop computer which Eniko used for inspection and copying by its expert and; (3) to permit Sun Life's expert to inspect Verseon's computer system for documents reflecting or relating to Eniko's work for Verseon.  Verseon seeks a protective order placing restrictions on its production of the archival CD.  Having read the moving papers and the opposition, the court finds no need for argument. **IT IS ORDERED** as follows:

1

1. Sun Life's motion to compel an inspection of Verseon's corporate computer system is **DENIED**. In reaching this decision, I have balanced many factors, including the following:

(a) Since Verseon is not a party, I am sensitive to protecting its confidential and proprietary information. While it is true that the plaintiffs have an ownership interest in Verseon and are, or have been, officers and directors, Verseon has shown, and Sun Life does not dispute, that plaintiffs are minority owners.

(b) Verseon has made an adequate showing that there are documents on its computer system, especially the computer simulations, which would be entitled to protection under Rule 26 (c)(1)(G) as confidential or proprietary information.

(c) Sun Life has not shown that the information is so material to its case as to warrant the inspection of Verseon's computer system. Verseon has already deposed and obtained documents from plaintiffs and Verseon employees. Discovery has been proceeding for about a year. In compliance with recent Orders, Verseon personnel have again searched Verseon's files looking for the documents which Sun Life repeatedly speculates have been hidden from it. See Declarations of Ahuja, Datta and Kita. Notwithstanding the court's admonition, Sun Life has still produced no documents to show that it has a basis for believing, not just speculating, that Eniko Prakash was working for any period other than that to which she admits, September 2006 through March of 2007. Absent some evidence that documents have been concealed, Sun

Life is not entitled to a general inspection of Verseon's computer systems, especially since it is undisputed they contain confidential and proprietary information.

 (d) Sun Life's repeated reliance on cases such as Playboy Enter. Inc. v. Welles, 60 F.Supp.2d 1050 (S.D. Cal. 1999), is misplaced.  Welles is distinguishable on many grounds.  Welles involved the search of a personal laptop belonging to a defendant who had admitted erasing emails requested by plaintiff, which could readily be retrieved by forensic inspection.  There was no request in Welles to inspect the computer system of a corporate non-party and there was no claim that the computer contained confidential or proprietary information.

 2. In its opposition to Verseon's motion, Sun Life does not explain why production of the archival CD, as proposed by Verseon in its motion, is not adequate for Sun Life's purposes.  Instead, Sun Life merely reiterates that the documents it seeks are relevant and complains about the way the archival CD was handled in the past.  Accordingly, Verseon's motion for a protective order with respect to the archival CD is **GRANTED** and Sun Life's motion to compel is **DENIED**.  The procedure proposed by plaintiff shall be followed.

 3. Sun Life's motion with respect to production of the laptop computer is **GRANTED**, subject to its being inspected pursuant to the "attorney's eyes only" protective order previously entered.  Verseon has made no showing that any information remaining on the laptop which is traceable to

Eniko contains confidential or proprietary information of such a nature that this level of protection would not be adequate. Sun Life is not a competitor of Verseon and there is no showing that Sun Life's counsel or the expert are regularly employed by Verseon's competitors.

The court is more troubled by Ahuja's declaration that after he began using the laptop, he stored confidential and proprietary information on it such as the computer simulations discussed earlier.  It is not clear how much confidential information is on the laptop since Ahuja did not begin using it until after Eniko left the company in March of 2007, and at some point, Ahuja knew that documents stored on the laptop were an issue in discovery.  This concern can be addressed by adding one additional condition to the search of the laptop. The expert shall not open up any file or document placed on the computer after March 1, 2007, unless it is clear to him that the file or document was created by Eniko.

4.   The CD and the laptop shall be produced by **April 1, 2008.**

5.   Sun Life's request to be reimbursed for its expert's travel is **DENIED**.  It has made no showing why its San Francisco counsel had to hire an expert in Southern California to conduct an inspection in the Bay Area.

Dated: March 26, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\PRAKASH V. PULSENT\DISC9.ORDER.wpd

4