UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENIKO PRAKASH,<br><br>        Plaintiff,<br><br>  v.<br><br>PULSENT CORPORATION EMPLOYEE LONG TERM DISABILITY PLAN,<br><br>        Defendant.<br>_____<br>SUN LIFE FINANCIAL and SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>        Real Parties in Interest.<br>_____ | No. C-06-7592 SC<br><br>ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES; DENYING MOTION TO STRIKE JURY DEMAND |

## I.  **INTRODUCTION**

Real Party in Interest and Counterclaimant Sun Life Assurance of Canada ("Sun Life") moves to strike the affirmative defenses and jury demand filed by Plaintiffs Eniko and Adityo Prakash. Docket Nos. 203 ("Jury Mot."), 206 ("Defenses Mot."). Plaintiffs and Counterclaim-Defendants Eniko Prakash and Adityo Prakash ("Plaintiffs" or "Prakashes") opposed both motions, and Sun Life replied. Docket Nos. 227 ("Defenses Opp'n"), 229 ("Jury Opp'n"), 231 ("Jury Reply"), 232 ("Defenses Reply"). Having considered all of the parties' submissions, the Court GRANTS Sun Life's Motion to Strike Plaintiffs' Affirmative Defenses and DENIES Sun Life's

Motion to Strike Plaintiffs' Jury Demand.

## II. BACKGROUND

The basic facts underlying this case are known to all involved. Therefore, the Court only addresses here the procedural background relevant to the pending motions.

Sun Life filed its Answer and Counterclaim (the "Counterclaim") on February 26, 2007. Docket No. 8. Plaintiffs filed a motion to dismiss the Counterclaim on April 10, 2007. Docket No. 16. The Court denied that motion on June 28, 2007. Docket No. 28. Trial was scheduled for April 7, 2008. Nine months after the Court ruled on Plaintiffs' motion to dismiss the Counterclaims, and less than three weeks before trial was set to start, the Court informed the parties that it had not received an Answer to Counterclaim from Plaintiffs. Sun Life said it would object to any Answer filed at that point. Docket No. 188. On March 24, 2008, Plaintiffs filed their Answer to Counterclaim and their Demand for Trial by Jury. Docket Nos. 192 ("Answer"), 193 ("Jury Demand").

The parties appeared before the Court on March 25. At that hearing, the Court vacated the trial date, accepted the late filing of the Answer, and ordered Sun Life to file any motions in response to the Answer and Jury Demand by June 6, 2008. Sun Life filed the instant motions in a timely manner.

## III. AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 12(f), the Court

2

"may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court may do this on its own or on a timely motion filed by a party. Id. Sun Life brought this motion in a timely manner, objecting to each of Plaintiffs' five affirmative defenses. The Court considers each objection in turn.

### A. First Affirmative Defense: Failure to State a Claim

In the First Affirmative Defense, Plaintiffs argue that the Counterclaim "does not state facts sufficient to state a claim for relief . . . ." Answer at 8. In their Opposition, Plaintiffs assert that the basis for this defense is that Sun Life's Counterclaim fails to meet the particularity requirements and heightened pleading standards of Rule 9(b). See Defense Opp'n at 2-6. Plaintiffs spend a good deal of their brief arguing the merits and substance of the Counterclaim. The merits are not before the Court; rather, the issue at present is whether Plaintiffs should even have the opportunity to attack the merits. Rule 9(b) is basis for attacking the pleading, not an affirmative defense on which Plaintiffs will offer evidence at trial. See SEC v. Sands, 902 F. Supp. 1149, 1166-67, (C.D. Cal. 1995). As an affirmative defense, it is therefore legally insufficient.

To the extent failure to plead fraud with specificity could be an affirmative defense, Plaintiffs did not assert this defense in a timely manner. Plaintiffs previously filed a motion to dismiss the Counterclaim pursuant to Rule 12(b)(6), but did not raise the specificity issue at that time. By waiting until after they filed both a Rule 12 motion and a summary judgment motion,

3

Plaintiffs waived their objections under Rule 9(b). See Fed. R. Civ. P. 12(h)(1); Todaro v. Orbit Int'l Travel, Ltd., 755 F. Supp. 1229, 1234 (S.D.N.Y. 1991); United Nat'l Records, Inc. v. MCA, Inc., 609 F. Supp. 33, 39 (N.D. Ill. 1984) (Rule 12(h)(1) waiver provisions apply to Rule 9(b) motion). The purpose of Rule 9(b) is to assure that defendants are apprised of the allegations against them in sufficient detail to frame an adequate responsive pleading. See Todaro, 755 F. Supp. at 1234. Where, as here, Plaintiffs have extensively litigated the Counterclaim, any concern that they did not adequately understand the allegations against them is unwarranted.

The Court therefore strikes Plaintiffs' First Affirmative Defense because it is both legally insufficient and untimely. See Fed. R. Civ. P. 12(f); Todaro, 755 F. Supp. at 1234; Sands, 902 F. Supp. at 1166-67 (striking Rule 9(b) affirmative defense).

### B. Second Affirmative Defense: ERISA Preemption

In the Second Affirmative Defense, Plaintiffs argue that the Counterclaim is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Answer at 9. The Court previously rejected this exact argument in ruling on Plaintiffs' motion to dismiss the Counterclaim. See Docket No. 28. The Court therefore strikes the Second Affirmative Defense because it is legally insufficient and redundant. See Fed. R. Civ. P. 12(f); Sands, 902 F. Supp. at 1166-67.

### C. Third Affirmative Defense: Failure to Join Pulsent

In the Third Affirmative Defense, Plaintiffs argue that Sun Life failed to join an essential party, Defendant Pulsent

4

1  Corporation Employee Long Term Disability Plan ("Pulsent").
2  Answer at 9.  Plaintiffs argue that because Sun Life is not an
3  ERISA benefit plan, but rather the insurer of such a plan, Sun
4  Life cannot have been the victim of fraud, and therefore cannot
5  sue Plaintiffs for fraud.  See Defenses Opp'n at 7-8.  Plaintiffs
6  rely on Ford v. MCI Communications Corp. Health & Welfare Plan,
7  399 F.3d 1076 (9th Cir. 2005).  Under Ford, an individual
8  beneficiary may not bring an ERISA claim against the insurer of a
9  benefits plan, even where the insurer has discretionary control
10 over the plan.  Id. at 1081-82.  Whether or not Plaintiffs could
11 have sued Sun Life for breach of fiduciary duty under ERISA is
12 entirely irrelevant to whether Sun Life was defrauded by
13 Plaintiffs.  Sun Life did not bring its fraud claim under ERISA
14 and ERISA does not govern the claim.  See Docket No. 28.  The
15 Third Affirmative Defense is therefore legally insufficient.
16    Additionally, Plaintiffs previously stipulated that Pulsent's
17 involvement in this case is unnecessary.  In the early stages of
18 this litigation, Plaintiffs agreed that Pulsent "need not be
19 served, file an appearance in this action, or actively participate
20 in this action in any way . . . ."  See Docket No. 19.  Plaintiffs
21 now claim that the foregoing stipulation had "nothing to do" with
22 the Counterclaim.  Defenses Opp'n at 8.  However, the parties
23 reached this agreement after Sun Life had filed the Counterclaim
24 and after Plaintiffs had filed their motion to dismiss, so
25 Plaintiffs' claim rings hollow.
26    The Court therefore strikes the Third Affirmative Defense
27 because it is both legally insufficient and contrary to

Plaintiffs' previous stipulation and admission. <u>See</u> Fed. R. Civ. P. 12(f).

### D. **Fourth Affirmative Defense: Failure to Allege Lack of Knowledge and Reliance**

In the Fourth Affirmative Defense, Plaintiffs argue that Sun Life failed to plead that Pulsent was unaware of the true facts and failed to plead that Pulsent relied on the allegedly false representations. <u>See</u> Answer at 8. This is essentially a repetition of the Third Affirmative Defense, and is equally meritless. Even if, as Plaintiffs allege, the payments Sun Life made to Plaintiffs were made on Pulsent's behalf, <u>see</u> Answer at 9, that is not a reason why Sun Life cannot recover. Sun Life is not suing on the grounds that Pulsent was injured, or otherwise trying to recover for Pulsent's injury. The Counterclaim clearly alleges that Plaintiffs knowingly made false representations directly to Sun Life with the intention of defrauding Sun Life, and that Sun Life itself justifiably relied on those misrepresentations to its detriment. <u>See</u> Counterclaim ¶¶ 24-52. What's more, Plaintiff has alleged from the outset that Sun Life made all decisions for Pulsent regarding disability benefits, so Sun Life would have been the one to rely on any statements from Plaintiffs. <u>See</u> Compl. ¶ 3. Sun Life is suing on its own behalf. Whether it can carry its burden of proving its claims will be decided at trial, but its failure to allege that Pulsent was defrauded is immaterial.

The Court therefore strikes the Fourth Affirmative defense because it is both redundant and immaterial. <u>See</u> Fed. R. Civ. P. 12(f).

### E. Fifth Affirmative Defense: Breach of Fiduciary Duty

In the Fifth Affirmative Defense, Plaintiffs allege that Sun Life violated certain provisions of ERISA requiring a plan to explain its reasons for denying benefits and to provide a claimant the opportunity to respond. See Answer at 9. In denying Plaintiffs the opportunity to respond, Plaintiffs allege, Sun Life violated its fiduciary duty. See Defenses Opp'n at 8-9. Finally, Plaintiffs argue that had Sun Life followed the mandated procedures, it would have learned all of the material facts necessary to resolve this matter, so it should not be allowed to conduct discovery to support the Counterclaim. See id.

This purported defense lacks any legal foundation. Plaintiffs' sole legal authority, Saffon v. Wells Fargo & Co. Long Term Disability Plan, 522 F.3d 863 (9th Cir. 2008), does not support their position. Under Saffon, where a plan administrator fails to explain its reason for denying benefits, a district court reviewing that decision should be less deferential to the administrator, and the claimant should be allowed to present new evidence before the district court. Id. at 873-84. This may be relevant to the Court's review of the denial of benefits underlying the Complaint in this case, but it is immaterial to the Counterclaim. Nothing in Saffon suggests that a plan administrator's failure to provide the opportunity to respond should insulate a claimant from a charge of fraud.

Plaintiffs' attempts to frame this defense as a discovery issue are also inappropriate. As the docket makes abundantly clear, discovery in this matter has been both extensive and

7

contentious. Sun Life has propounded numerous discovery requests related to its fraud allegations, many of which have already been the subject of motion practice before the Magistrate Judge. If Plaintiffs believed that this alleged breach of fiduciary duty precluded discovery related to the Counterclaim, they should have raised it earlier than three weeks before the scheduled trial date.

The Court therefore strikes the Fifth Affirmative Defense because it is both legally insufficient and untimely. See Fed. R. Civ. P. 12(f); Sands, 902 F. Supp. at 1166-67.

### IV. JURY DEMAND

Sun Life also moves to strike Plaintiffs' Jury Demand. See Jury Mot. On any issue triable by a jury, a party may demand a jury trial by "serving the other parties with a written demand -- which may be included in a pleading -- no later than 10 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d).

Sun Life concedes in its moving papers that the last pleading addressing the issues to be tried by jury in this matter was Plaintiffs' Answer, filed on March 24, 2008. See Jury Mot. at 3. Plaintiffs filed their Jury Demand on the same date they filed the Answer. Plaintiffs therefore satisfied the requirement of Rule 38(b)(1) that they make their demand for jury trial no later than 10 days after the last pleading was served.

Sun Life argues that because Plaintiffs were delinquent in

8

filing the Answer, they should not be allowed to rely on that filing date to excuse the tardiness of the Jury Demand. See Jury Mot. at 4. According to Sun Life, the Jury Demand should have been filed no later than 10 days following the deadline for timely filing of the Answer. Id. at 3-4. The Answer would have been due on or before July 13, 2007, 20 days following the Court's ruling on Plaintiffs' Rule 12 motion. Therefore, Sun Life claims that the Jury Demand should have been filed on or before July 27, 2007.

The authorities on which Sun Life relies are distinguishable. In all but one of those cases, the jury demand was filed more than 10 days following the last pleading, so the party had violated Rule 38(b)(1). See, e.g., Pac. Fisheries Corp v. HIH Cas. & Gen. Ins., Ltd., 239 F.3d 1000, 1002 (9th cir. 2001); Russ v. Standard Ins. Co., 120 F.3d 988, 989 (9th Cir. 1997); Raya v. Maryatt Indus., 829 F. Supp. 1169, 1170, 1175 (N.D. Cal. 1993). Sun Life places a great deal of emphasis on Larson v. General Motors Corp., 134 F.2d 450 (2d Cir. 1943). In that case, however, when the plaintiffs did not respond to the defendant's counterclaim within 20 days, plaintiffs were in default under Rule 55(a) and the clerk set the case for a non-jury trial. Id. at 452. Here, although Plaintiffs went months after the Court's order on the Rule 12 motion without filing the Answer, Sun Life never sought entry of default.

Both parties ignored Plaintiffs' failure to file their Answer for months on end, even as the case approached trial. Only when the Court raised the issue and gave Plaintiffs leave to file the Answer did Sun Life complain. During that entire period, the

parties and the Court prepared for a trial that <u>all involved</u> assumed would include a jury portion.  <u>See</u> Docket Nos. 13, 21, 151, 153.  As the Court permitted the Answer to be filed on March 24, 2008, the simultaneous filing of the Jury Demand was timely under Rule 38(b)(1).  Sun Life's motion to strike the Jury Demand is therefore DENIED.

## V.   CONCLUSION

For the reasons set forth above, the Court GRANTS Sun Life's motion to strike Plaintiffs' affirmative defenses and DENIES Sun Life's motion to strike Plaintiffs' Jury Demand.

IT IS SO ORDERED.

Dated: August 20, 2008

UNITED STATES DISTRICT JUDGE